IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JESSICA S.,<br><br>Plaintiff,<br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING [22] MOTION FOR ATTORNEY FEES<br><br>Case No. 2:23-cv-00498-CMR<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is attorney Marva Match's (Plaintiff's Counsel) Motion for Attorney Fees (Motion) (ECF 22) pursuant to 42 U.S.C. § 406(b). Defendant Commissioner of Social Security (Defendant or Commissioner) neither supports nor opposes counsel's request for attorney's fees (ECF 23). For the reasons stated below, the court GRANTS the Motion.

## I. BACKGROUND

Plaintiff Jessica S. (Plaintiff) hired Plaintiff's Counsel on a contingency-fee basis to represent her in federal court for claims arising from the Commissioner's decision denying her application for disability insurance benefits (ECF 22-2 at 8–9). Through written agreement, Plaintiff and Plaintiff's Counsel agreed that the contingency fee award would be twenty-five percent of the past-due benefits awarded based on Plaintiff's claims (*id.*).

On August 1, 2023, Plaintiff filed her appeal of the decision of the Commissioner in this court (ECF 5). On December 22, 2023, the court remanded the case for further administrative proceedings (ECF Nos. 18 and 19). Plaintiff's Counsel thereafter requested an award of $7,200 in attorneys' fees under the Equal Access to Justice Act (EAJA) (ECF 20), which the court granted (ECF 21). On April 17, 2025, the Social Security Administration (SSA) awarded Plaintiff $35,990.92 in past-due benefits (ECF 22-2 at 2–6).

On May 15, 2025, Plaintiff's Counsel filed the instant Motion seeking an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) (ECF 22 at 1). In accordance with the fee contract signed by Plaintiff, Plaintiff's Counsel requests a fee in the gross amount of $8,997.73 (*id.*). Plaintiff's Counsel further requests that the gross amount be reduced by $7,200 (the previously awarded EAJA fees), resulting in a net total fee of $1,797.73 (*id.*).

The Commissioner filed a Response stating it neither supported nor opposed Plaintiff's Counsel's request for attorney fees and requested that the court's order regarding fees "distinguish between the full amount determined as reasonable under section 406(b) and the net amount awarded for payment purposes" (ECF 23). Plaintiff did not file a reply, and the time to do so has expired.

## II. LEGAL STANDARD

### A. Reasonableness of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b)

42 U.S.C. § 406(b)(1)(A) provides that whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may award "a reasonable fee . . . not in excess of 25 percent of the past-due benefits." Although contingent-fee agreements are permissible, courts make an independent determination of whether the fee award sought under § 406(b) is reasonable by examining the reasonableness of the contingency-fee agreement "based on the character of the representation and the results . . . achieved." *Gisbrecht v. Barhart*, 535 U.S. 789, 808 (2002). The attorney seeking fees bears the burden of demonstrating that the requested award is reasonable for the services rendered. *Id.*

In determining the reasonableness of fees under § 406(b) (§ 406(b) Fees), courts consider the character of the representation and the results achieved, whether "the attorney is responsible for delay . . . during the pendency of the case in court" or whether "the benefits are large in

comparison to the amount of time counsel spent on the case." *Id.* Accordingly, even when the requested fees fall within the statutory twenty-five percent limit, the court may reduce the award if the circumstances warrant. *Id.*

**B. Offsetting § 406(b) Fees by Previously Awarded EAJA Fees**

An attorney may receive § 406(b) Fees and EAJA fees but must refund the smaller award to the claimant to prevent double recovery. *Gisbrecht*, 535 U.S. at 796. Although the Tenth Circuit has expressed a preference for counsel to refund the smaller award directly to the claimant, it has not categorically prohibited satisfying that obligation by deducting the previously received EAJA fees from the § 406(b) Fees. *Martinez v. Berryhill*, 699 F. App'x 775, 776–77 (10th Cir. 2017) ("Although we disfavor this method of handling 'refunds' of EAJA fees to a claimant, we have not categorically ruled it out as improper.").

However, where counsel requests to offset the amount of § 406(b) Fees by the amount of previously awarded EAJA fees, the court must first determine the reasonableness of the *gross* amount of § 406(b) Fees. *See Lucas v. Dudek*, No. 2:23-cv-00226-DAO, ECF 52, at *9–10 (D. Utah May 8, 2025) ("Next, the court considers the reasonableness of a *gross fee* award [] based on the *Gisbrecht* factors." (emphasis added)). After determining the reasonableness of the gross amount of § 406(b) Fees, the court may offset the gross amount by the amount of the previously awarded EAJA fees, permitting counsel to retain the previously awarded EAJA fees in partial satisfaction of the § 406(b) Fees. *Id.*

## III. ANALYSIS

**A. Reasonableness of the Gross Amount of § 406(b) Fees**

Plaintiff's Counsel seeks the court's authorization and award of § 406(b) Fees in the gross amount of $8,997.73 (ECF 22). Plaintiff's Counsel's requested fee award of $8,997.73 for court

representation is twenty-five percent of past-due benefits. Pursuant to *Gisbrecht*, the court will examine whether the gross fee request is reasonable.

First, the record shows no indication that Plaintiff's Counsel caused any undue delay in resolving Plaintiff's claims. On August 1, 2023, Plaintiff filed her appeal (ECF 5). On December 22, 2023, the court remanded the case for further administrative proceedings (ECF Nos. 18 and 19); on April 17, 2025, the Social Security Administration (SSA) awarded Plaintiff $35,990.92 in past-due benefits (ECF 22-2 at 2–6). On May 15, 2025, Plaintiff's Counsel filed the instant Motion seeking an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) (ECF 22 at 1). Thus, nothing in the record indicates that Plaintiff's Counsel delayed pursuit of Plaintiff's claims to profit from the accumulation of past-due benefits. Therefore, the court finds no basis to reduce Plaintiff's Counsel's award based on undue delay.

Next, the court may reduce the attorney's fees award if it is disproportionate to the time Plaintiff's Counsel spent on the case. Here, Plaintiff's Counsel represents that 47 hours were spent pursuing Plaintiff's claims before the court (ECF 22-2 at 11). The court's authorization of an $8,997.73 award results in an hourly rate of approximately $191.50. This is within the range which courts have found reasonable. *See Lucas*, ECF 52, at *9–10 (granting a § 406(b) fee request resulting in an hourly rate of $833.94); *Gulbransen v. Colvin*, No. 2:12-cv-00107, 2015 U.S. Dist. LEXIS 55176, at *4 (D. Utah Apr. 27, 2015) (granting a § 406(b) fee request resulting in an hourly rate of $862.88, an "amount [that] is on the high-end of what the Court would find to be reasonable," where there was no other basis to find the fee unreasonable); *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1174 (D.N.M. 2005) (finding § 406(b) attorney fee award translating to an hourly rate of $510.25 reasonable, particularly "when that fee is considered in conjunction with a Social Security lawyer's risk of loss").

Accordingly, the court finds that an award of § 406(b) Fees in the gross amount of $8,997.73 is reasonable in this case.

**B. Request for "Netting" of the EAJA Fees**

As previously stated, when an attorney receives fees under both the EAJA and § 406(b), the attorney must refund the smaller of the two fee awards received to the claimant. *See Gisbrecht*, 535 U.S. at 796. Here, counsel has already received $7,200 (ECF 20). However, instead of refunding the EAJA fees, Plaintiff's Counsel asks the court to subtract or "net" the EAJA fees, such that the § 406(b) amount awarded would be $1,797.73, representing the difference between the full § 406(b) amount requested ($8,997.73) and the amount of EAJA fees already received ($7,200) (ECF 22 at 1). The court finds this approach appropriate and grants the request.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the court finds the requested fee amount reasonable and awards Plaintiff's Counsel § 406(b) Fees in the gross amount of $8,997.73. Plaintiff's Counsel may retain the $7,200 in fees previously awarded under the EAJA in partial satisfaction of the § 406(b) award. This leaves a net amount of $1,797.73 due to Plaintiff's Counsel. No separate refund of EAJA fees is required.

Therefore, it is HEREBY ORDERED that Plaintiff's Motion is GRANTED and a net amount of $1,797.73 is due to Plaintiff's Counsel.

IT IS SO ORDERED.

DATED this 16 November 2026.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah